IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL A. LOOMIS,

Plaintiff,

v.

WELLPATH LLC, MARATHON CNTY., MARY
HINSON, JENNIFER NOWAK, SCOTT PARKS, and
DEBRA GLEASON,

Defendants.

OPINION and ORDER

25-cv-610-jdp

---

Plaintiff Michael A. Loomis, proceeding without counsel, alleges that he was denied his prescription medication while being held at Marathon County Jail for three days, which caused him to experience withdrawal symptoms. Loomis proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Loomis's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Loomis's complaint for failure to state a plausible claim for relief, but I will allow him to amend the complaint to try to fix that problem.

ALLEGATIONS OF FACT

Loomis has pre-ventricular heart contractions and anxiety and depression with panic disorder. Loomis takes citalopram for anxiety and depression and metoprolol for his heart contractions.

Loomis was booked at Marathon County Jail (MCJ) as a pretrial detainee on the morning of December 26, 2023. Loomis answered the jail's medical questionnaire and told the intake deputy that he needed citalopram and metoprolol to avoid serious withdrawal symptoms. The intake deputy told Loomis that he would relay his concerns to medical staff.

MCJ's policy was to place new arrivals in quarantine for 24 hours, though they could leave the cell for an hour. During the first 24 hours of his stay, no staff member made any effort to speak with Loomis, and he received no medication or other medical treatment. Loomis then began to complain to deputies who walked by his cell that he needed his medications.

Defendant nurse Jennifer Nowak eventually saw Loomis, who told her that he was experiencing withdraw symptoms. Nowak told Loomis that the jail did not have his medications and that he would have to fill out a medical release to obtain them pursuant to defendant Wellpath LLC's policy. Wellpath contracted with Marathon County and MCJ to provide medical services to prisoners.

Loomis later filed a grievance complaining about his lack of medication. By that evening, his withdrawal symptoms had worsened. The next morning, two days after he arrived at the jail, Loomis received metoprolol. His grievance was denied around that time.

Loomis was held at MCJ until December 29, 2023. During his three-day stay, he did not receive citalopram. The lack of citalopram caused him extreme vertigo, disorientation, and trembling. Loomis pleaded with deputies and nurses to help him during medication pass, but no one helped him. "Defendant" retaliated against Loomis based on his medical complaints by keeping him in confinement for three days, not just the first 24 hours of his stay. Dkt. 1 ¶ 28.

ANALYSIS

Loomis brings a Fourteenth Amendment claim based on denial of medication, and Wisconsin-law medical negligence and negligence claims. I also take Loomis to bring a First Amendment retaliation claim.

## A. Federal-law claims

### 1. Medical care claim

To state a Fourteenth Amendment claim based on denial of medical care, Loomis must plausibly allege that: (1) defendants engaged in intentional conduct or made an intentional decision about his medical care; and (2) defendants' conduct or decision was objectively unreasonable in the circumstances. *See Est. of Sillah by Carter v. City of Madison*, No. 23-cv-96-jdp, 2024 WL 4650945, at *9 (W.D. Wis. Nov. 1, 2024). My analysis focuses on the second element, objective reasonableness.

I begin with Loomis's claim against Nowak, the only individual defendant whom he discusses in the body of the complaint in any meaningful detail. Loomis faults Novak for not providing immediate care after he told her that he was experiencing withdrawal symptoms. But Loomis does not allege whether he described his symptoms to Nowak, and he hasn't alleged that he was in noticeable medical distress when he spoke with her. But even if Loomis was in noticeable medical distress, Nowak did not ignore his request for medication. She told him that the jail did not have his medications and that, pursuant to Wellpath's policy, he had to fill out a medical release to obtain them. A day later, Loomis received one of the medications, metoprolol, that he requested, which shows that Nowak successfully helped him obtain that medication. Loomis did not receive the other medication that he requested, citalopram, but he hasn't alleged any facts plausibly suggesting that Nowak failed to make reasonable efforts to

3

obtain it. Loomis has not plausibly alleged that Nowak actions were objectively unreasonable. I will not allow Loomis to proceed on a medical care claim against Nowak.

Loomis's claim against the other individual defendants has a more general pleading problem. To establish personal liability under 42 U.S.C. § 1983, Loomis must plausibly allege that defendants caused the denial of medication. *See Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011). So individual liability under § 1983 requires personal involvement in that denial. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Consistent with these principles, a plaintiff generally cannot proceed on a § 1983 claim against defendants that he does not specifically discuss in the body of the complaint. *See Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012).

Loomis does not explain how the other individual defendants caused the denial of medication. Loomis only generally alleges that correctional defendants Scott Parks and Debra Gleason should have known about that denial based on previous lawsuits and Wellpath's medical policies. But, as discussed below, Loomis only vaguely describes those policies. Also, Loomis does not discuss Parks's and Gleason's knowledge of those polices (or previous lawsuits), explain whether Parks and Gleason had any responsibility to implement the policies, or allege any other facts plausibly suggesting that Parks or Gleason caused the denial of medication. I will not allow Loomis to proceed on a medical care claim against Parks or Gleason.

Loomis faults the remaining individual defendant, nurse Mary Hinson, for failing to train nurses to avoid allowing prisoners to experience withdrawal symptoms. This allegation amounts to a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that when reviewing a complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Loomis alleges that Hinson failed to act in response to his repeated

4

requests for medication, but this allegation is also conclusory. *See* Dkt. 1 ¶ 37. Loomis hasn't alleged any facts plausibly suggesting that Hinson specifically knew, or should have known, about any of his complaints.

That leaves the entity defendants, Wellpath and Marathon County. A municipal entity, like Marathon County, can be sued under § 1983 based on an unconstitutional policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). *Monell* also applies to a private company that has contracted with a prison to provide essential government services. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378–79 (7th Cir. 2017).

In describing Wellpath's and Marathon County's policies, Loomis mostly summarizes the allegations supporting his claims against the individual defendants and alleges that these summarized allegations are unconstitutional policies. These generalized allegations fail to state a plausible *Monell* claim. *See Ford v. Sessoms*, 727 F. App'x 875, 877 (7th Cir. 2018); *Williams v. Carr*, No. 22-cv-231-wmc, 2023 WL 3055509, at *2 (W.D. Wis. Apr. 24, 2023). Loomis also alleges that Wellpath had a policy of "cost containment," Dkt. 1 ¶ 34, but he hasn't alleged any facts plausibly suggesting that Wellpath intentionally provided inadequate medical care to jail prisoners based on economic considerations.

More specifically, Loomis alleges that MCJ's policy to place new arrivals in quarantine for 24 hours, and Wellpath's policy to require a medical release to obtain medication, denied him medication. Loomis's theory appears to be that these policies preclude a prisoner from receiving necessary medication for the first 24 hours of their confinement.

Regarding quarantine, Loomis acknowledges that the intake deputy gave him a medical questionnaire, and he hasn't alleged any facts plausibly suggesting that the 24-hour quarantine prohibited medical or other staff from reviewing the questionnaire, speaking with him, or

providing him care during that period. Loomis also acknowledges that prisoners can leave their cells during quarantine for an hour, and that he managed to complain to officers who walked by his cell after the 24-hour period ended. Without more facts, it's implausible that there was a prohibition on staff contact or communication with Loomis during the quarantine period. Loomis has not plausibly alleged that the quarantine policy itself delayed his receipt of necessary medication.

Regarding medical release, Loomis has not plausibly alleged this requirement prohibited medical staff from obtaining a prisoner's consent during the quarantine period. Loomis alleges that Nowak did not obtain the medical release during the 24-hour period. But, without more facts, this allegation does not plausibly suggest that the need to obtain the release before distributing medication to Loomis caused the delay in obtaining the release. I will not allow Loomis to proceed on a medical care claim against Wellpath or Marathon County based on a *Monell* theory of liability.

### 2. Retaliation claim

Loomis alleges that "defendant" retaliated against him based on his medical complaints by keeping him in confinement for three days, not just the first 24 hours of his stay. I will not allow Loomis to proceed on this claim because he does not identify the individual against whom he brings this claim, allege how that individual learned about his medical complaints, or explain how that individual managed to keep him confined after the period ended.

If Loomis does not know the name of a defendant, he may refer to that defendant as "John Doe." But he still must provide enough information to plausibly suggest that a specific person violated his rights.

**B.  State-law claims**

Without a federal claim, the court would not have jurisdiction over Loomis's state-law claims on the basis of diversity because he and defendant Marathon County are Wisconsin citizens. *See* Dkt. 1 ¶¶ 1–2.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Loomis's state-law claims without evaluating their merits. Loomis may replead these claims in the amended complaint.

CONCLUSION

I will allow Loomis to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's prisoner complaint form, which the court will send him with this order. If he needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Loomis should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Loomis must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Loomis believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption. If he does not know the name of a defendant, he may refer to that defendant as "John Doe," but he must provide enough information to plausibly suggest how that individual violated his rights.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael A. Loomis's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until April 29, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's prisoner complaint form.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge